UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROMAIN MOISE,

    Plaintiff,

v.

MEDICREDIT, INC.

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331. Mims v. Arrow Fin. Servs. LLC, 132 S. Ct. 740 (2012); Mims v. Arrow Fin. Servs. LLC, 2012 U.S. LEXIS 906 (2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, ROMAIN MOISE, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, MEDICREDIT, INC is a corporation and citizen of the state of Missouri with its principal place of business at Suite C, 3620 Interstate 70 Drive SE, Columbia, Missouri 65201.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. On or about January 29, 2013, Defendant left a message on Plaintiff's voice mail on his cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice and failed to disclose its name in the message.

11. Defendant left similar or identical messages on other occasions using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone. (Collectively, "the messages").

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to disclose its name in the messages left on Plaintiff's cellular telephone.

14. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

19.     Plaintiff incorporates Paragraphs 1 through 16.

20.     Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     a declaration that Defendant calls violate the TCPA;

    c.     a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                                DONALD A. YARBROUGH, ESQ.
                                Attorney for Plaintiff
                                Post Office Box 11842
                                Ft. Lauderdale, FL 33339
                                Telephone: 954-537-2000
                                Facsimile: 954-566-2235
                                don@donyarbrough.com


                      By: s/ Donald A. Yarbrough
                            Donald A. Yarbrough, Esq.
                            Florida Bar No. 0158658